UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JOSHUA BOBE,                                                    **Docket No.:**

                            *Plaintiff,*

                                             **COMPLAINT**

       -against-

CITY OF NEW YORK, POLICE OFFICER
STEPHEN PATTI (Shield No.: 10817), *In His
Individual and Official Capacities,* SGT. JUAN           ***JURY TRIAL IS***
HERNANDEZ (Shield No.: 3610), *In His Official*              ***DEMANDED***
*And Individual Capacities,* POLICE OFFICERS
JOHN/JANE DOES 1-5, *In Their Individual And
Official Capacities,*

                         *Defendants,*
--------------------------------------------------------------X

      PLAINTIFF, JOSHUA BOBE, by and through his attorneys, PHILLIPS AND

ASSOCIATES, LLP., hereby submit this Complaint against named DEFENDANTS herein and

states and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil action seeking monetary relief, a declaratory judgment, compensatory and

punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought

pursuant to 42 U.S.C. § 1983, and State-Law causes of action for malicious prosecution, false

arrest, abuse of process and assault and battery.

2.     Specifically, the PLAINTIFF alleges that the Defendants (collectively and individually)

wantonly, recklessly, intentionally, knowingly and with gross negligence, sought to and did

wrongfully deprive PLAINTIFF of his Constitutional rights, pursuant to the above mentioned

statutes and causes of action by committing acts under color of law and depriving the Plaintiff of

rights secured by the Constitution and laws of the State of New York.

3.      PLAINTIFF alleges that Defendants (collectively and individually), their agents, employees and servants wrongfully and/or unlawfully accused, stopped, detained, seized, falsely arrested, falsely imprisoned, abused, harassed, defamed and maliciously charged Plaintiff with crimes and other wrongful/unlawful acts that he did not commit. Further, Defendants lacked reasonable basis, reasonable suspicion, probable cause, adequate cause, and/or justification to subject PLAINTIFF to the above-mentioned wrongful acts.

4.      PLAINTIFF alleges that the Defendants (collectively and individually) were negligent in their failure conduct proper investigation(s). PLAINTIFF alleges that Defendants intentionally refused to consider or even examine exculpatory evidence that was in Defendant's possession, was readily available and/or easily obtainable before subjecting PLAINTIFF to false arrest and a malicious criminal prosecution. Furthermore, the defendants knew or should have known about the existence of said exculpatory evidence, but failed to review and consider the evidence, which amounted to a direct violation of the PLAINTIFF'S constitutional and civil rights.

5.      PLAINTIFF further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its officers, agents, employees and representatives. Additionally, Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and penalize the actions of their officers, employees, agents and representatives. Plaintiff alleges that Defendants are liable for maliciously failing to investigate, for abusing well-established processes/procedures, for wrongfully arresting and maliciously prosecuting PLAINTIFF.

6.      As a result of the Defendants' actions (or lack thereof), Plaintiff was improperly subjected unlawful search, seizure, detention, abuse, and stress, which caused PLAINTIFF to suffer

irreparable harm and damage. PLAINTIFF was also wrongfully forced and subjected to criminal proceedings and prosecution. Furthermore, PLAINTIFF incurred costs, damages (physical, mental, and emotional) and expenses due to the Defendants' actions.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

8.  Supplemental jurisdiction with respect to PLAINTIFF'S state-law claims are proper pursuant to 28 U.S.C. § 1367.

9.  Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was New York County.

## PROCEDURAL PREREQUISITES

10. In accordance with New York State's General Municipal Law § 50-e, Municipal Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT were timely served with a Notice of Claim on or about January 17, 2019.

11. On or about June 17, 2019, Defendant CITY OF NEW YORK conducted a hearing and examination of PLAINTIFF pursuant to General Municipal Law § 50-h. Accordingly, all the jurisdictional requirements/prerequisites for PLAINTIFF'S state law claims against CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT have been satisfied and said state law claims are properly before this Court.

## PARTIES

12. **PLAINTIFF JOSHUA BOBE (hereinafter "PLAINTIFF BOBE")** is a 28-year-old male and is a resident of the Bronx, County, New York.

13. **DEFENDANT CITY OF NEW YORK (hereinafter "DEFENDANT CITY")** is a duly

constituted municipal corporation of the State of New York. Upon information and belief, the CITY formed and has direct authority over several individual departments including the NEW YORK CITY POLICE DEPARTMENT. The aforementioned departments and/or the employees, agents or representatives of said departments are directly involved in violations that are the at issue in this Complaint.

14. **Upon information and belief, POLICE OFFICER STEPHEN PATTI (shield No.: 10817) (hereinafter "DEFENDANT PATTI")** is a police officer, employee, agent, representative of and/or within the NEW YORK CITY POLICE DEPARTMENT and was assigned to the 7th Precinct at all times relevant to this Complaint. DEFENDANT PATTI is being sued herein in his official and individual capacities.

15. Upon information and belief, **DEFENDANT SERGEANT JUAN HERNANDEZ (shield no.: 3610) (hereinafter "DEFENDANT SGT. HERNANDEZ")** is a police officer/ sergeant, employee, agent, representative of and/or within the NEW YORK CITY POLICE DEPARTMENT and was also assigned to the 7th Precinct at all times relevant to this Complaint. SGT HERNANDEZ is being sued herein in his official and individual capacities.

16. Upon information and belief, **DEFENDANT POLICE OFFICER JOHN AND JANE DOES 1-5** are each police officers, employees, agents, representatives of and/or within the NEW YORK CITY POLICE DEPARTMENT and were assigned to the 7th Precinct at all times relevant to this Complaint. DEFENDANT POLICE OFFICERS JOHN AND JANE DOES are being sued herein in their official and individual capacities.

## **MATERIAL FACTS**

17. On or about 10/23/2018, PLAINTIFF BOBE was approached, falsely arrested, illegally

4

searched, seized, falsely imprisoned, subject to unauthorized harmful/offensive touching and caused to be maliciously prosecuted.

18.    On 10/23/2018, at approximately 7:00 p.m., PLAINTIFF was standing on the corner of Delancey and Essex Streets in the Lower East Side area of New York City.

19.    At the date/place/time, PLAINTIFF was coming from his place of employment and was about to (peacefully) proceed into a McDonalds Restaurant located on the corner of said location.

20.    PLAINTIFF was not involved in any unlawful, criminal and/or disruptive activity at the time. Instead, PLAINTIFF was simply trying to get something to eat.

21.    While PLAINTIFF was proceeding into the McDonalds establishment, PLAINTIFF noticed New York City Police Officers, including DEFENDANTS HERNANDEZ and PATTI, escorting a detainee from a subway entrance onto the street. The detainee was handcuffed at the time and appeared to be in police custody.

22.    PLAINTIFF did not know the subject being arrested.

23.    Among other things, PLAINTIFF believed that the police officers were being aggressive and excessive regarding the force being used to detain the subject.

24.    The subject was yelling as though he was being hurt by the DEFENDANT Police officers and was crying out as if in physical distress.

25.    PLAINTIFF pulled out his phone from his pocket with the intent to record the incident and began to do so.

26.    PLAINTIFF did not speak to the officers at first. PLAINTIFF peacefully began tape recording the arrest of this other individual.

27.    Several bystanders and passersby began to raise issue and concerns with the manner in

which the police officers were handling the subject, who was now on the floor, faced-downward, not moving, handcuffed and had several officers (3-4) kneeling and/or placing pressure on the subject's back while he yelled "*get off of me*" and was complaining about pressure and pain on his legs and wrists.

28. PLAINTIFF stood back several feet from the area of arrest and continued to record same.

29. Soon thereafter, the police officers on the scene began to instruct PLAINTIFF to move back, even though PLAINTIFF was not standing in the way of the arrest.

30. PLAINTIFF replied that he was "*just concerned public*," was not in the way of the arrest and did not have to move from the place whereon he stood. PLAINTIFF also stated, "*I'm just making sure you guys are doing your job properly, that's all*."

31. PLAINTIFF remained silent and continued to tape record the arrest of the other subject.

32. After a few minutes, another police officer arrived on the scene and kneeled-down on the subject as well.

33. PLAINTIFF (from a distance) expressed his objection to the fourth officer placing further pressure on the subject, which was not necessary.

34. In response, the police officer told PLAINTIFF to "*shut up*."

35. PLAINTIFF replied, "*I'm concerned public, I'm not doing anything illegal and you can't do anything to me for just standing here while recording*." PLAINTIFF repeated several times that he was "*just a concerned citizen*."

36. PLAINTIFF did not get in the way of the officers' arrest and stood (at least) 6-7 feet away therefrom.

37. PLAINTIFF did not prevent or obstruct the police officers from arresting the subject or from any other action being taken against the subject.

38.    PLAINTIFF stood back and away from the arrest and continued to voice his concerns (verbally) about the manner in which the subject was being handled.

39.    PLAINTIFF did nothing illegal, unlawful, disorderly or violent, nor did PLAINTIFF interfere with the officers' handling of the subject.

40.    A few moments later, one of DEFENDANT OFFICERS, DEFENDANT HERNANDEZ, approached PLAINTIFF and began to push PLAINTIFF.

41.    The DEFENDANT SGT. HERNANDEZ had no reasonable basis, reasonable suspicion or probable cause to place his hands on PLAINTIFF or to begin subjecting PLAINTIFF to force.

42.    Indeed, the DEFENDANT SGT HERNANDEZ did not attempt to arrest or detain PLAINTIFF at that point.

43.    The DEFENDANT SGT. HERNANDEZ did not ask for PLAINTIFF'S identification, nor was HERNANDEZ engaged in some form of investigation related to PLAINTIFF.

44.    Instead, the DEFENDANT SGT. HERNANDEZ pushed PLAINTIFF backwards for no reason.

45.    Upon information and belief, DEFENDANT SGT. HERNANDEZ was attempting to place his body between PLAINTIFF and the arrest of the subject to prevent PLAINTIFF from continuing to record the arrest.

46.    DEFENDANT SGT. HERNANDEZ did intentionally block PLAINTIFF from continuing to record the incident while talking to prevent PLAINTIFF from recording audio of the incident.

47.     In response, PLAINTIFF exclaimed, "*whoa, that's assault officer*" and asked for DEFENDANT SGT. HERNANDEZ'S badge number as PLAINTIFF continued to walk

back and/or back-off from the officers.

48.    As   PLAINTIFF   continued   to   protest   SGT.   HERNANDEZ'S   pushing   PLAINTIFF backwards, PLAINTIFF continued to step backward and placed himself even further from the site of the arrest.

49.    PLAINTIFF complied with DEFENDANT SGT. HERNANDEZ'S demand and physical force and continued to walk back and away from the arrest.

50.    However, DEFENDANT SGT. HERNANDEZ did not relent and continued to walk up towards PLAINTIFF, while intentionally blocking PLAINTIFF from recording the arrest of the other subject.

51.    PLAINTIFF   continued   to   walk   back   and   protest   DEFENDANT   OFFICER HERNANDEZ'S abusive conduct.

52.    While stating his badge number, DEFENDANT SGT. HERNANDEZ pushed PLAINTIFF back once again and continued to push PLAINTIFF further from the arrest that PLAINTIFF was recording.

53.    Now, due to DEFENDANT HERNANDEZ'S conduct, PLAINTIFF was standing <u>at least</u> 15-20 feet away from the arrest and was no where near the incident at all.

54.    Nevertheless, DEFENDANT HERNANDEZ pushed PLAINTIFF again and continued to place himself in front of PLAINTIFF'S camera.

55.    PLAINTIFF continued to protest the fact that he was being manhandled by DEFENDANT HERNANDEZ – stating, "*I'm a concerned citizen, and the officer just placed his hands on me*."

56.    At this time, DEFENDANT HERNANDEZ was walking away from PLAINTIFF. However, for some reason, DEFENDANT HERNANDEZ decided to turn around and walk

up to PLAINTIFF as PLAINTIFF stood far-away from the incident.

57.     At that time, although PLAINTIFF was clearly standing very far from the arrest site/incident and was talking into his own camera phone about being assaulted by DEFENDANT HERNANDEZ, DEFENDANT HERNANDEZ then approached PLAINTIFF once more and push PLAINTIFF again.

58.     PLAINTIFF stated, "*do it again and I'll call your sergeant bro*" then DEFENDANT HERNANDEZ began to arrest PLAINTIFF.

59.     At the times that DEFENDANT HERNANDEZ began to (falsely) arrest PLAINTIFF, DEFENDANT HERNANDEZ was well-aware that he lacked any probable cause, reasonable suspicion and/or cause of any kind to do so.

60.     DEFENDANT HERNANDEZ was also aware that he had no basis to touch PLAINTIFF or to subject PLAINTIFF to harmful offensive contact.

61.     All of a sudden, without reasonable basis, DEFENDANT HERNANDEZ and PATTI approached PLAINTIFF once again, violently threw PLAINTIFF to the ground, manhandled and placed PLAINTIFF under arrest.

62.     PLAINTIFF was placed in handcuffs and was not free to leave.

63.     Then, in front of witnesses, who were also recording, PLAINTIFF was placed in the back of a police vehicle for transport by DEFENDANTS HERNANDEZ and PATTI.

64.     The remining DEFENDANT OFFICERS (JOHN/JANE DOES) were each aware that PLAINTIFF was being falsely arrested and charged with criminal conduct but took no action to intervene of prevent the abuse of PLAINTIFF'S RIGHTS.

65.     Witnesses provided PLAINTIFF with their contact information to assist PLAINTIFF because PLAINTIFF'S arrest was clearly unwarranted and the force used to subdue and

arrest PLAINTIFF was unreasonable.

66.     While in the police vehicle, PLAINTIFF placed a call to 911 dispatch and advised them of his situation.

67.     Upon information and belief, the 911 operator then transferred PLAINTIFF'S call to Internal Affairs.

68.     PLAINTIFF made a verbal report and provided his information to the individuals, who he believed was Internal Affairs at the time.

69.     PLAINTIFF then sat in the police vehicle for another 10-20 minutes while the officers handled the suspect that was previously being recorded by PLAINTIFF.

70.     PLAINTIFF was taken to the 7th precinct.

71.     PLAINTIFF was processed, strip searched, searched, fingerprinted, photographed and held in custody for a prolonged period.

72.     DEFENDANT would not tell PLAINTIFF what he was being arrested for. Indeed, it appeared that no one knew what charges were going to be leveled upon PLAINTIFF as DEFENDANT arresting OFFICERS were not present while PLAINTIFF was being processed.

73.     While at the precinct, PLAINTIFF spoke to an unknown desk sergeant.

74.     PLAINTIFF explained to the desk sergeant that he was wrongfully arrested and described the circumstances concerning his arrest.

75.     PLAINTIFF proclaimed and maintained his innocence at all stages of his arrest and continued to ask the POLICE to release him from custody.

76.     DEFENDANT POLICE OFFICERS questioned PLAINTIFF and continued to ask him for his reasons for arrest. However, PLAINTIFF was not read his Miranda rights beforehand.

77. At all times, DEFENDANTS were aware that PLAINTIFF should have been read his rights prior to their questioning.

78. Despite their knowledge of PLAINTIFF'S right to remain silent, DEFENDANTS violated PLAINTIFF'S right(s).

79. PLAINTIFF was held in the police station, without cause and against his will, overnight and was not told what he was being charged with at any time while being held in the 7th Precinct.

80. The next day, PLAINTIFF was taken to Central Booking.

81. While in Central Booking, PLAINTIFF was finally told why he was arrested.

82. PLAINTIFF was told that he was being (wrongfully) charged with Obstruction of Governmental Administration – a crime and/or an A misdemeanor.

83. PLAINTIFF was then arraigned (*in the matter of* **People v. Bobe, Docket No.: 2018NY041661**) and was released on his own recognizance the following evening.

84. Following PLAINTIFF'S arraignment, PLAINTIFF was forced/compelled to return for court on multiple occasions – at least three occasions, over the course of months.

85. Having to go to court caused PLAINTIFF great humiliation, stress and undue inconvenience, including having to miss time from work to attend court proceedings and other financial hardship.

86. PLAINTIFF was also caused undue stress because he was charged with crimes that could lead to imprisonment. The though of imprisonment for something he did not commit caused further prolonged anxiety/stress upon PLAINTIFF.

87. Despite knowing that PLAINTIFF did not break any laws, DEFENDANTS initiated a false and malicious prosecution against PLAINTIFF.

88. Despite their knowledge that PLAINTIFF did nothing unlawful, DEFENDANTS knowingly and willingly continued a false and abusive criminal prosecution against PLAINTIFF.

89. DEFENDANTS filed statements and/or caused statements to be filed against PLAINTIFF, which they knew accused PLAINTIFF of crimes that he did not commit.

90. DEFENDANTS caused the false criminal statements, Information(s), supporting depositions and other arrest documents to be submitted to the District Attorney and Court, in support of PLAINTIFF'S false arrest and malicious prosecution, knowing that said documentation contained false statements of criminal wrongdoing against PLAINTIFF.

91. DEFENDANTS published said statements, which constituted defamation *per se* against PLAINTIFF.

92. DEFENDANTS had no good faith or reasonable basis for starting or maintaining the false criminal prosecution against PLAINTIFF.

93. PLAINTIFF maintained his innocence throughout the criminal proceeding against him.

94. After over two months of prosecution, on 12/21/2018, PLAINTIFF'S case was fully-dismissed, on the merits, on motion of the District Attorney.

95. Despite this dismissal, PLAINTIFF was forced to pay court fees/costs/surcharges in the amount of approximately $120.00.

96. As PLAINTIFF did not have the money to pay the court costs and surcharges, the above-stated fees were entered as a civil judgment against PLAINTIFF.

97. As a result, PLAINTIFF'S credit was (wrongfully) adversely affected.

98. As for Internal Affairs and/or the NYPD employees to which PLAINTIFF complained, no such action was taken as a result of PLAINTIFF'S complaint.

99.     Neither DEFENDANTS HERNANDEZ, PATTI or OFFICERS JOHN/JANE DOES were ever questioned or subject to discipline for their wrongful arrest and prosecution of PLAINTIFF.

100.    Despite the DEFENDANT CITY OF NEW YORK'S knowledge of the false arrest of PLAINTIFF, no action was taken to correct the abusive actions of DEFENDANT OFFICERS herein.

101.    COLLECTIVE DEFENDANTS lacked justifiable or reasonable basis of any kind for the actions taken against PLAINTIFF.

102.    COLLECTIVE DEFENDANT retaliated against PLAINTIFF for filming them while performing an arrest wherein they were subjecting another individual to excessive force.

103.    COLLECTIVE DEFENDANT arrested PLAINTIFF, in part, to cover up their misdeeds against the other person that was being placed under arrest in PLAINTIFF'S presence.

104.    At all times, DEFENDANTS knew that they had no real or good faith basis to arrest or prosecute PLAINTIFF and DEFENDANTS went forward with same for reasons other than the belief or knowledge that PLAINTIFF was involved in criminal activity.

105.    As a result of being falsely arrested, assaulted, battered, falsely detained, verbally abused, physically abused, held for prolonged and unreasonable periods, subject to prolonged false criminal prosecution, PLAINTIFF suffered embarrassment, stress, inconvenience, loss of liberty, loss of freedom, wrongful arrest, malicious prosecution, defamation of character, abuse of criminal process, financial hardship, special damages, loss of income, humiliation, physical pain and suffering, mental/emotional pain and suffering, depressions, stress, anger, sadness, anxiety and other damages/injuries.

## AS FOR THE FIRST CAUSE OF ACTION
### *42 U.S.C.* § 1983
### (A*gainst Defendants HERNANDEZ, PATTI & Officers JOHN/JANE DOES' 1-5*)

106.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as though fully set forth herein.

107.     COLLECTIVE DEFENDANTS their agents, employees and servants, lacked reasonable suspicion to stop, search, seize and detain PLAINTIFF.

108.     DEFENDANTS, their agents, employees and servants lacked probable cause to arrest PLAINTIFF or retain him in custody.

109.     The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts conducted against the PLAINTIFF by the DEFENDANTS CITY OF NEW YORK, HERNANDEZ, PATTI AND JANE/JOHN DOE OFFICERS 1-5 were committed under color of law, customs, and statutes of the State of New York.

110.     Under color of law, the DEFENDANTS CITY OF NEW YORK, HERNANDEZ, PATTI AND JANE/JOHN DOE OFFICERS 1-5, their agents, employees and servants deprived PLAINTIFF of his First, Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, free speech and assembly and due process, by falsely arresting, wrongfully detaining, unlawfully and falsely charging PLAINTIFF with criminal charges, for which there was no evidence or substantiation of any kind.

111.     PLAINTIFF was subjected to false arrest, malicious prosecution, abuse of criminal process, assault, battery, defamation of character (*per se*), wrongful imprisonment, gross negligence, intentional infliction of emotional distress and violation of PLAINTIFFS Constitutional right to bodily integrity, freedom of movement, free speech and lawful

assembly, among other substantive due process rights.

112.     The accusations of criminal activity leveled against PLAINTIFF was false and was an attempt to cover up the false arrest, abuse of process, intentional and false imprisonment, false accusations, harassment, malicious prosecution, defamation and abuse of process which has been inflicted by the DEFENDANTS CITY OF NEW YORK, HERNANDEZ, PATTI AND JANE/JOHN DOE OFFICERS 1-5 on PLAINTIFF.

113.     The false arrest of PLAINTIFF without probable cause, and other wrongful acts conducted against the PLAINTIFF by DEFENDANTS, including, but not limited to DEFENDANTS unconstitutionally seizing, falsely arresting, intentionally and falsely imprisoning, falsely accusing, harassing, defaming, and maliciously charging PLAINTIFF constitutes a violation of PLAINTIFF'S rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

114.     Such actions were negligent, reckless, unreasonable and unauthorized, as DEFENDANTS had a duty to not subject PLAINTIFF to false arrest and summary punishment but failed to prevent same and breached their duty.

115.     DEFENDANTS CITY OF NEW YORK, HERNANDEZ, PATTI AND JANE/JOHN DOE OFFICERS 1-5, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT., their agents, employees and servants acted under color of law to deny the PLAINTIFF, his constitutional rights to due process and freedom from seizure, by wrongfully detaining the PLAINTIFF wrongfully charging and holding PLAINTIFF under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the PLAINTIFF by the Fifth and Fourteenth Amendments of the United States Constitution.

116.    DEFENDANT OFFICERS PATTI and JOHN DOES 1-5 are further liable for failing to prevent and/or intervene when they were each aware of DEFENDANT HERNANDEZ'S wrongful arrest against PLAINTIFF and violation of his various civil rights.

117.    Such abuse of process was continued by the DEFENDANTS, their agents, servants and employees in their refusal to adequately investigate the charges against the PLAINTIFF and to properly review and investigate the actions of DEFENDANT OFFICERS for their actions against the PLAINTIFF.

118.    As a consequence of DEFENDANTS' wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiff was:[1] deprived of her freedom; [2] subjected to great physical mental and emotional harm; [3] made to suffer great pain and suffering; [4] subjected to great fear, terror, personal humiliation and degradation; and [5] continues to suffer pain and mental and emotional distress.

**119.    PUNITIVE DAMAGES are warranted against each individual DEFENDANT for their conduct described herein.**

120.    That by reason of the foregoing, PLAINTIFF has been damaged in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

### AS AND FOR A SECOND COUNT
*42 U.S.C. § 1983; Municipal Liability*
*(Against Defendants City Of New York)*

121.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as though fully set forth herein.

122.    In actively inflicting and failing to prevent the above stated abuses incurred by PLAINTIFF, DEFENDANTS acted unreasonably, recklessly, and negligently in failing to

exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal search and seizure, physical abuse, detained custody and other due process violations.

123. Said rights are guaranteed to PLAINTIFF by *42 U.S.C.* §§ 1983 and by the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution.

124. PLAINTIFF was subjected to all of the above-stated abuses with full knowledge of the NYPD that PLAINTIFF'S rights were being violated by DEFENDANTS.

125. Multiple POLICE OFFICER DEFENDANTS, including DEFENDANT SERGEANT HERNANDEZ, a supervising officer, each individually and collectively falsely arrested PLAINTIFF and charged PLAINTIFF with false allegations of criminal activity such that same amounted to a pattern or practice of their Principal CITY OF NEW YORK.

126. The CITY OF NEW YORK and/or its POLICE DEPARTMENT has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and arrest of innocent persons by police officers (such as DEFENDANTS) of the CITY, and the wrongful detention of same. Although such police conduct was improper, said incidents were covered up and not investigated by the CITY, its agents, employees and servants by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials. Said charges and official claims have been fully backed by the CITY OF NEW YORK, which has repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers against minority persons, including PLAINTIFF herein.

126.    Additionally, the CITY OF NEW YORK has systematically failed to identify the improper

abuse, misuse, violative acts and brutality by police officers and officials, while further

failing to subject such officers and officials to discipline, closer supervision or restraint.

127.    **DEFENDANT CITY OF NEW YORK was fully-aware of tens of dozens of incidents**

**wherein individuals are falsely accused of crimes and arrested for simply filming and**

**recording police activity.** Nevertheless, its officers are not trained, instructed or prevented

with regard to not arresting innocent persons for recording police activity.

128.    Upon information and belief, specific systemic flaws in the CITY OF NEW YORK'S

misconduct review process include but are not limited to the following:

a.      Preparing reports regarding investigations of unwarranted incidents as routine
point-by-point justification of the police officers' actions regardless of whether
such actions are justified;

b.      Police officers investigating unwarranted incidents systematically fail to credit
testimony by non-police officer witnesses and uncritically rely on reports by police
officers involved in the incident;

c.      Police officers investigating unwarranted incidents fail to include in their reports
relevant factual information which would tend to contradict the statements of the
police officer involved;

d.      Supervisory police officers exonerate police officers for misconduct and abuse of
process before the investigation of the incident by the police department has been
completed;

f.      hastily accepting the polices' above- as provided information from police reports
regarding abuses and civil rights infringements, despite strong evidence to suggest
that the police reports are inaccurate, untruthful, and meant to conceal blatant police
misconduct.

129.    Said cover-up by the defendant, CITY OF NEW YORK, was executed in this case, where

the defendant, its agents, employees and servants failed to sufficiently investigate the

truthfulness and accuracy of DEFENDANTS' statements and instead acted under color of

statute to knowingly, recklessly and/or negligently impose false criminal charges upon the

PLAINTIFF.

130.  By permitting and assisting such a pattern of police misconduct, the Defendant, CITY OF NEW YORK acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit the DEFENDANT OFFICERS were encouraged by the CITY OF NEW YORK to believe that their actions against the PLAINTIFF would be accepted without impunity, just as these actions have been so accepted to date.

131.  As a consequence of the Defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, PLAINTIFF was deprived of his freedom and physically and emotionally harmed, suffered stress, fear, humiliation, sleeplessness, anxiety, insomnia, and related emotional distress and suffering which requires medical attention.

132.  As a proximate cause of the Defendants CITY OF NEW YORK'S custom and policy of supporting and effectively promoting the very same police abuses which occurred against PLAINTIFF, PLAINTIFF was subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the PLAINTIFF.

133.  That by reason of the foregoing, PLAINTIFF has been damaged in the sum of Five Hundred Dollars ($500,000.00).

## AS AND FOR THE THIRD AND FOURTH CAUSE OF ACTION
### False Arrest and Malicious Prosecution
#### *(Against all Defendants Collectively)*

134.  PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

135.    DEFENDANTS lacked reasonable suspicion to stop and detain PLAINTIFF and further lacked any probable cause to arrest him or retain him in custody.

136.    Without such probable cause, Defendants CITY OF NEW YORK, SGT. HERNANDEZ AND OFFICER PATTI wrongfully used physical force to arrest and detain PLAINTIFF.

137.    During said time, Plaintiff was physically prevented from leaving the custody and kept there under the supervision and knowledge of DEFENDANTS without access to PLAINTIFF'S freedom, family and home.

138.    DEFENDANTS then fabricated false statements, falsified records, mischaracterized facts, and engaged in perjury in open Court in an attempt to justify their false arrest of PLAINTIFF.

139.    The subsequent malicious prosecution of PLAINTIFF which was conducted by Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 with knowledge that PLAINTIFF was wrongfully stopped, falsely detained, assaulted, and wrongfully arrested, without any cause was committed by Defendants under color of law, customs, and statutes of the State of New York.

140.    Defendants then fabricated false statements, falsified records, mis characterized facts, and engaged in perjury in open Court in an attempt to justify and further their malicious prosecution of Plaintiff.

141.    Under color of law, the Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 deprived PLAINTIFF of his rights to protection from unlawful search and seizure by falsely charging him criminally and prosecuting the PLAINTIFF pursuant to said criminal statutes, for which there was no evidence or substantiation of any kind to support same.

142. The accusations of wrongful actions leveled against PLAINTIFF were false and were an attempt to cover up the false arrest and abuse of process which has been inflicted by DEFENDANTS on PLAINTIFF.

143. The malicious prosecution of PLAINTIFF without probable cause and other wrongful acts conducted against the Plaintiff by Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5, constitutes a violation of PLAINTIFF rights, secured by the New York State Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as DEFENDANTS had a duty to not subject PLAINTIFF to summary punishment but failed to prevent same and breached their duty.

144. DEFENDANTS acted under color of law to deny the PLAINTIFF his constitutional rights to due process and freedom from seizure, by wrongfully detaining them under the threat of imprisonment, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured to PLAINTIFF.

145. As a consequence of DEFENDANTS' wrongful actions, negligent behavior, and violation of state/federal laws, PLAINTIFF was deprived of his freedom, was made to suffer injuries, and was subjected to great fear and terror and personal humiliation and degradation and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of DEFENDANTS.

146. **PUNITIVE DAMAGES are warranted against each individual DEFENDANT for their conduct described herein.**

147. That by reason of the foregoing, PLAINTIFF has been damaged in the sum of Five Hundred Thousand ($500,000.00) dollars.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
**Abuse of Criminal Process**
***(Against all Defendants)***

148. PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

149. The Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 intentionally, recklessly and maliciously filed and/or cause to be filed, a false, inaccurate, and/or misleading criminal complaint against PLAINTIFF. Said criminal complaint was made by the aforementioned DEFENDANTS without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

150. The false criminal complaint lodged by DEFENDANTS CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

151. The Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 did not file said criminal complaint as a result of actual knowledge that a crime was committed against them, determined through investigation and/or a simple rudimentary search, which was available to DEFENDANTS at all time relevant to this complaint.

152. Instead, Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 filed said false criminal complaint against PLAINTIFF with an ulterior purpose/motive to collect payments and various forms of restitution from PLAINTIFF to which Defendants were not entitled and to subject

PLAINTIFF to the criminal justice system in order to force and compel PLAINTIFF into submitting to said payments, restitutions and fees through threats of conviction.

153.   DEFENDANTS intended to prevent PLAINTIFF from taping their abuse of an arrestee, not to arrest PLAINTIFF for crimes that they were aware that PLAINTIFF committed.

154.   Defendants' CITY OF NEW YORK'S, HERNANDEZ'S, OFFICER PATTI'S AND POLICE OFFICERS JOHN/JANE DOES 1-5'S intention was to use the criminal justice system as a collection agency/service and to cause harm to PLAINTIFF without proper motive, excuse or justification of any kind.

155.   Defendants' CITY OF NEW YORK'S, HERNANDEZ'S, OFFICER PATTI'S AND POLICE OFFICERS JOHN/JANE DOES 1-5'S use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of PLAINTIFF solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent citizens from recording police activity, to prevent citizens from recording their own misconduct, to place a chilling effect on those who seek to record police activity).

156.   CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 with knowledge of the inaccuracy and/or falsity of their criminal complaints; and without any investigation and/or rudimentary query, based upon facts existing at all times relevant to the Complaint; intentionally, recklessly and maliciously cause to be filed, said false, inaccurate, and/or misleading criminal complaint against PLAINTIFF. Said criminal complaint was made by the aforementioned DEFENDANTS without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

157.	The subsequent false arrest and malicious prosecution of PLAINTIFF was done by Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

158.	The Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 did not initiate the arrest and prosecute PLAINTIFF as a result of actual knowledge that a crime was committed.

159.	Defendants CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5 intentionally and knowingly failed and refused to conduct a simple investigation that would have vindicated PLAINTIFF of the criminal allegations made against her several months prior.

160.	Instead, CITY OF NEW YORK, HERNANDEZ, OFFICER PATTI AND POLICE OFFICERS JOHN/JANE DOES 1-5searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, fees and various forms of restitutions from PLAINTIFF to which DEFENDANT were not entitled. DEFENDANTS were motivated by the intent to subject PLAINTIFF to the criminal system in order to force, coerce and justify restitutions, payments, and fees from PLAINTIFF.

161.	Defendants' Defendants CITY OF NEW YORK'S, HERNANDEZ'S, OFFICER PATTI'S AND POLICE OFFICERS JOHN/JANE DOES 1-5'S clear intention was to use falsely arrest, and falsely prosecute PLAINTIFF and to cause harm to PLAINTIFF without proper motive, excuse, or justification of any kind.

162.	Defendants' CITY OF NEW YORK'S, HERNANDEZ'S, OFFICER PATTI'S AND

POLICE OFFICERS JOHN/JANE DOES 1-5'S use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to obtain personal monetary returns; to prevent citizens from lawfully recording police activity, to coverup their own excessive force against another subject and the place a chilling effect of citizens that want to record police activity).

163. As a direct consequence of the collective DEFENDANTS' wrongful actions, negligent behavior, and violation of state/federal laws, PLAINTIFF was: deprived of her freedom, subjected to false criminal arrest, subjected to malicious criminal prosecution, made to suffer personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation , and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

164. Punitive damages are warranted against INDIVIDUAL DEFENDANTS herein.

165. That by reason of the foregoing, Plaintiff has been damaged in the sum of Five Hundred Thousand ($500,000.00) dollars on each cause of action.

### AS FOR THE SIXTH AND SEVENTH CAUSES OF ACTION
**Assault and Battery**
*(Against Defendants Hernandez and Patti)*

166. PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

167. DEFENDANT HERNANDEZ is liable for assault and battery upon PLAINTIFF.

168. DEFENDANT HERNANDEZ subjected PLAINTIFF to harmful and offensive physical

contact by pushing PLAINTIFF at least four times and them by falsely arresting PLAINTIFF.

169.   DEFENDANTS HERNANDEZ AND PATTI subjected PLAINTIFF to harmful offensive contact by physically stopping, searching, seizing, handcuffing, imprisoning PLAINTIFF without authorization, cause or permission.

170.   DEFENDANTS HERNANDEZ AND PATTI were aware that their conduct was unauthorized and that he had no permission, authority, consent or lawful reason to touch PLAINTIFF as alleged herein.

171.   Prior to touching PLAINTIFF offensively, DEFENDANTS HERNANDEZ AND PATTI intended to place PLAINTIFF in fear of said harmful and offensive physical contact(s).

172.   PLAINTIFF was aware and conscious of DEFENDANTS HERNANDEZ AND PATTI activity and was caused to fear for his safety.

173.   DEFENDANTS HERNANDEZ AND PATTI knew that their conduct would cause harm to PLAINTIFF.

174.   It was foreseeable that PLAINTIFF would suffer physical and emotional harm due to the conduct of DEFENDANTS HERNANDEZ AND PATTI.

175.   DEFENDANTS HERNANDEZ AND PATTI had no good faith justification for his actions against PLAINTIFF.

176.   As a direct result of DEFENDANTS' conduct, PLAINTIFF was caused to suffer physical injuries, emotional pain and suffering, loss of liberty, special damages, loss of income, legal fees and costs, deprivation of civil rights, financial hardship and other injuries outlined in detail above.

177.   Punitive damages are warranted against DEFENDANTS HERNANDEZ AND PATTI

herein.

178.    That by reason of the foregoing, Plaintiff has been damaged in the sum of Five Hundred

Thousand ($500,000.00) dollars on each cause of action.

Dated:  New York, NY
        October 23, 2019

Signed,

PHILLIPS & ASSOCIATES, LLP.

By:    _____/*S*/_____
       Gregory Calliste, Jr. (GC8140)
       *Attorneys for Plaintiff Joshua Bobe*
       45 Broadway, Suite 620
       New York, NY 10006
       (212) 248 – 7431 (phone)
       gcalliste@tpglaws.com